EPHRAIM M. CARROLL v. STATE OF MISSISSIPPI.

1. INTOXICANTS.  *Connivance.  Owner of house.  Laws 1900, p. 141; sec. 3 Evidence.  Presumption.*

   Under Laws 1900, p. 141, sec. 3, making it a misdemeanor for the owner of a building to connive at an unlawful sale of intoxicants therein, proof of such sale by another constitutes presumptive evidence that the owner connived thereat, if he failed to give information thereof to some conservator of the peace.

2. SAME.

   In the trial of a store-keeper, indicted under Laws 1900, p. 141, sec. 3, for conniving at a sale of intoxicants in his store by his clerk, where it is shown that the clerk there sold what appeared to be whisky, evidence that the clerk besought a witness of the sale to withhold the transaction from the grand jury is admissible, since it tends to show that the liquor sold was whisky, although not occurring in the presence or hearing of the defendant.

3. SAME.  *Antre fois acquit.*

   The trial and acquittal of the owner of a house on a charge of unlawfully selling intoxicants is not a bar to a subsequent prosecution for conniving at a sale thereof, although both prosecutions be predicated of the same sale.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Carroll, appellant, was indicted, tried, and convicted, under laws 1900, p. 141, sec. 3, for conniving at a sale of intoxicants in his store. He appealed to the supreme court. The opinion states the case.

*Anderson & Long,* for appellant.

The court below erred in admitting the testimony of the witness, Doty, as to a conversation with the witness, Gardner, long after the alleged offense had been committed.

Carroll was not present at the conversation. The testimony was certainly very prejudicial to him, and must have largely

influenced the jury in their verdict. It was hearsay testimony. It was contended in the court below that it was competent as the declaration of an agent binding on his principal. Can an agent convict his principal of crime by his declarations made long after the commission of the alleged crime? Is there any more reason for admitting the declarations of an agent after the commission of the alleged crime, than those of an accomplice or co-conspirator made after the commission of the alleged crime? Our court has held that the latter are inadmissible, and so has every other court, so far as we know. *Simmons* v. *State,* 61 Miss., 243; *Gillum* v. *State,* 62 Miss., 547; *Garrard* v. *State,* 50 Miss., 147.

We regard the case of *Brown* v. *State,* 57 Miss., 425, as directly in point as to the admissibility of the declarations of Gardner, testified to by witness Doty. ·

It is indispensable in order to make out a case under chapter 104 of the acts of 1900 to show that the defendant failed to report the known or suspected violations of the law to a conservator of the peace. There was not a particle of testimony offered to show that Carroll failed to give such information to a conservator of the peace.

The action of the court in sustaining the district attorney's demurrer to defendant's plea of former acquittal under an indictment against him and Gardner jointly for the unlawful sale of liquor made to witness, Carnathan, being the same sale relied on this case to show the guilt of the defendant, was error.

*W. L. Easterling,* Assistant Attorney General, for appellee.

The declaration of Gardner to witness Doty would have been admissible against Gardner had he been on trial for selling liquor. Gardner was the clerk and agent of the appellant, and sold whisky, or something in a bottle which the jury believed to be whisky.

When Gardner learned that Doty was to appear before the grand jury he went to him and begged him not to tell the grand

jury what he knew about the sale of whisky. The relationship of principal and agent existing between Gardner and appellant made the declarations of Gardner admissible against appellant.

The authorities cited by counsel for appellant do not directly touch this question. This is an indictment under a statute. It is necessary, in order to enforce the law, that the declaration of the agent should be admitted. Greenleaf on Evidence, 173, sec. 114; *Ib.,* 316, sec. 234, and notes.

The negative charge in the indictment that the defendant did not report to a conservator of the peace did not have to be proved by the state. The reasoning relative to the charge in an indictment that a defendant had no license to sell whisky is applicable to this case. The court's attention is directed to the case of *Fairly* v. *State,* 63 Miss., 333, and authorities there cited. It is submitted that there is no difference between the averment in an indictment that a defendant had no license to sell whisky and the averment in an indictment that a defendant did not report to a conservator of the peace, as required by sec. 3 of chapter 104 of the acts of 1900, so far as the proof for the state is concerned.

The record does not show a former acquittal in this case.

TERRAL, J., delivered the opinion of the court.

The appellant, being a storekeeper in Tupelo of many years' business, was indicted, under sec. 3, chapter 104, of the acts of 1900, for conniving at the sale of vinous and spirituous liquors in said storehouse, and was convicted. The proof tended to show that Carnathan bought in said storehouse of T. E. Gardner, a clerk of appellant, a flask of liquor, under circumstances indicating that its sale was a part of the business of the store. The appellant was not shown to be at or about the storehouse at the time of the sale, but the statute provides that a sale of liquor in the building owned by another shall constitute presumptive evidence that the owner or occupant connived at such sale, unless said owner or occupant give notice thereof to some

conservator of the peace.    The appellant gave no notice, nor
did he testify in the case.    Doty testified that Gardner sold
to Carnathan what appeared to be a flask of whisky, and, as evi-
dence as to what the contents of the flask were, Doty told how
thereafter Gardner pleaded with him not to report his act or
conduct to the grand jury; and this piece of evidence was
strenuously objected to by Carroll.    But it was entirely compe-
tent to show that what Gardner sold to Carnathan was whisky,
and the pleading of Gardner with Doty not to report the matter
to the grand jury was a necessary part of the proof that what
he sold to Carnathan was whisky.    And in this aspect of the
matter, there can be no objection to the evidence given by
Doty.    It was essential to prove not only that Carroll connived
at the sale of liquor in his storehouse, but that Gardner made
a sale of liquor there; and the evidence of Doty as to what
Gardner said after the sale was competent evidence to show
that the article sold Carnathan was whisky, both as affecting his
own guilt in selling the liquor, and the guilt of Carroll in
conniving at such sale.

2. Preceding the trial, appellant pleaded that he had been
jointly indicted with Gardner for, tried and acquitted of, mak-
ing a sale of spirituous liquors to Carnathan, based upon the
same sale as that which is the foundation of this prosecution,
to which a demurrer had been sustained; and this ruling is
alleged as error.    The trial and acquittal pleaded in bar of this
prosecution were in fact no bar, because an acquittal on the
former indictment did not preclude his guilt under the present
one.    Conniving at a sale of whisky was a different and dis-
tinct thing from making the sale itself, and we think there
is no error in the ruling of the court in this regard.    Other
objections are made, but we find nothing of which appellant
can reasonably complain.                    *Affirmed.*